UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

| | | |
|---|---|---|
| ANDREW GATES, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:20-cv-00095 |
| LVNV FUNDING LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY DEMAND** |
| | ) | |

## COMPLAINT

Now comes ANDREW GATES ("Plaintiff") complaining as to the conduct of LVNV FUNDING LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, 47 U.S.C. § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the omissions giving rise to the claims occurred in this District.

## PARTIES

4. Plaintiff is a natural person residing in Morrow County, Ohio.

5. Defendant is a third-party debt collector that regularly collects upon consumers located in the state of Ohio.

## FACTS SUPPORTING CAUSES OF ACTION

6. About five years ago, Plaintiff took out his very first credit card—a "Credit One" card with a credit limit of just a few hundred dollars.

7. Plaintiff used this card to buy household items for himself, and he did not use it in connection with any business purposes. In other words, he incurred a consumer debt to Credit One.

8. Plaintiff, like many first-time credit card users, ended up defaulting on the account.

9. After the account had been written off by the original creditor and was in default, Defendant purchased it.

10. On information and belief, Defendant ran a "soft" credit inquiry on Plaintiff to locate Plaintiff and discover his true address.

11. As a result of this credit inquiry, Defendant had actual knowledge that Plaintiff resides in Morrow County.

12. Nevertheless, on April 22, 2019, Defendant sued Plaintiff in the Mansfield Municipal Court (the seat of Richland County) in Case No. 2019CVF01078.

13. Defendant then, through its attorneys, filed a lawsuit in the Mansfield Municipal Court.

14. Defendant then attempted to serve the lawsuit by certified mail at Plaintiff's parents' home address.

15. Plaintiff has not lived with his parents for years. Plaintiff's address has changed various times since he has lived with his parents, and on information and belief, Defendant had access to this information through the major credit bureaus.

16. Neither one of Plaintiff's parents signed for the certified mail service. In fact, no one at that residence would sign for Plaintiff's certified mail.

17. The certified mail came back to Defendant as "unclaimed."

18. At that point, Defendant continued to serve Plaintiff's parents' house, this time attempting regular mail service.

19. Eventually, Defendant mailed a default judgment motion to Plaintiff's parents' house.

20. On information and reference, Defendant prayed for about $769.13 in the motion, and the motion contained information regarding Plaintiff's debt.

21. Plaintiff's parents saw the default judgment motion and learned information about Plaintiff's debt.

22. This put a strain on the relationship between Plaintiff and his parents.

23. Further, Plaintiff did not receive actual notice of the lawsuit; the service of the lawsuit on his parents; and default judgment motion in time to file an answer or otherwise defend himself in court.

24. Lastly, on information and belief, Defendant has never sent a § 1692g notice to Plaintiff at an address where it would be reasonable to believe he would receive it.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff realleges the paragraphs above as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

28. In the alternative, Defendant is a debt collector because it is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

29. The subject debts are "debt[s]" as defined by FDCPA § 1692a(5) as they arise out of transactions due or asserted to be owed or due to another for personal, family, or household purposes, namely credit card debts for living expenses.

30. Defendant violated § 1692c and § 1692b when it mailed Plaintiff's parents a default judgment motion containing information about Plaintiff's consumer debt.

[ 4 ]

31. The default judgment motion was a thus "communication" improperly sent to a third party without Plaintiff's consent. *See, e.g.*, *Lee v. Javitch, Block & Rathbone, LLP*, 522 F. Supp. 2d 945, 954 (S.D. Ohio 2007) (an affidavit to a state court can be a "communication" under the FDCPA").

32. Defendant also violated § 1692i(a) when it sued Plaintiff in a judicial district in which he did not live.

33. In the alternative, Defendant violated § 1692f, generally, by unfairly and unconscionably serving Plaintiff at his parents' house when Defendant had actual knowledge that Plaintiff did not reside there, and Plaintiff had not resided there for years.

34. Defendant is vicariously liable for the actions of its attorneys, who are its agents and representatives. *See Williams v. Weltman, Weinberg & Reis Co., L.P.A. (In re FDCPA Cognate Cases)*, No. 1:13cv1328, 2016 U.S. Dist. LEXIS 44039, at *31 (W.D. Mich. Mar. 28, 2016) (when the purpose of the principal-agent relationship "is collecting a debt, this relationship is all the control required by the FDCPA for a principal to be accountable for an agent's conduct in pursuing that goal.").

35. Lastly, Defendant violated § 1692g when it failed, within five days of Plaintiff receiving (from his parents) the default judgment motion, to send Plaintiff the federally required notice of debt collection.

## COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

36. Plaintiff realleges the paragraphs above as though fully set forth herein.

37. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

38. Plaintiff is a "person" as defined by R.C. 1345.01(B).

39. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

40. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

41. R.C. 1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

42. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

43. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq*. *See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

44. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

[ 6 ]

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    c.    Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    d.    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    e.    Awarding Plaintiff $200 in statutory damages and up to $5,000 in noneconomic damages per violation of the CSPA, together with punitive and/or treble damages under the CSPA;

    f.    Awarding Plaintiff attorney fees together with an appropriate multiplier for time expended pursuing her CSPA claims;

    g.    Awarding any other relief this Honorable Court deems just and appropriate.

Dated: February 4, 2020

> By: s/ Jonathan Hilton
> Jonathan Hilton (0095742)
> HILTON PARKER LLC
> 10400 Blacklick-Eastern Rd NW, Suite 110
> Pickerington, OH 43147
> Tel: (614) 992-2277
> Fax: (614) 427-5557
> jhilton@hiltonparker.com
> *Attorney for Plaintiff*